FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 01, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NICHOLAS SEAN CARTER,<br><br>Defendant. | No. 4:19-CR-06063-SMJ-2<br><br>ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING<br><br>**ECF No. 95** |

Before the Court is Defendant's Motion to Reopen the Detention Hearing to Consider Conditions of Release. ECF No. 95. The United States opposes the motion. ECF No. 102. On May 29, 2020, the Court reopened the detention hearing to consider Defendant's proffers and the arguments of counsel. 18 U.S.C. § 3142(f). Defendant appeared by video from the Benton County Jail represented by Nicholas Marchi. Assistant United States Attorney Stephanie Van Marter represented the United States.

Because Defendant previously waived his right to a detention hearing, ECF No. 33, the Court treats this as an initial detention hearing. The Court has

ORDER - 1

considered the parties' briefing, ECF Nos. 95, 102, the pretrial services reports, ECF Nos. 23, 86, 101, and the arguments and proffers of the parties, and has evaluated the four factors outlined in 18 U.S.C. § 3142(g) to decide whether there are conditions of release that would reasonably assure Defendant's appearance in court and the safety of the community: (1) the nature and circumstances of the offense; (2) the weight of evidence against Defendant; (3) the history and characteristics of Defendant; and (4) the nature and seriousness of the danger Defendant would present to the community if released.  The Court has also taken into account the risks posed by COVID-19 to those in custody, as well as any particular risk factors associated with Defendant.  Based on the nature of the charges, there is a presumption of detention in this case.  On balance, the Court finds that these factors, as set forth orally by the Court, weigh in favor of Defendant's continued detention.

As an initial matter, the Court notes that Defendant has three pending federal cases, including the instant case.  *See* Case Nos. 2:19-CR-00183-SMJ-1 (charging Defendant with possession with intent to distribute methamphetamine and with being a felon in possession of a firearm and ammunition), 2:20-CR-00005-SMJ-1 (charging Defendant with possession with intent to distribute methamphetamine, heroin, and fentanyl, and with being a felon in possession of a firearm).  In the instant case, Defendant is charged with possession with intent to distribute

ORDER - 2

methamphetamine, with being a felon in possession of a firearm and ammunition, and with possession of a firearm in furtherance of drug trafficking. Between the joint complaints and indictments and the United States' proffers, the following series of incidents is alleged. On June 4, 2019, law enforcement initiated a traffic stop of a vehicle driven by co-Defendant Monica Pesina, wherein Defendant was a passenger. Upon a positive indication from a K-9 unit, both individuals were ordered out of the vehicle; a bag of methamphetamine was seen sticking out of Defendant's pocket, Defendant admitted he had a firearm, and a loaded firearm was located on his person. Defendant was arrested and later released. A subsequent search of the vehicle revealed nearly $27,000, methamphetamine, heroin, indicia of drug trafficking, and items of dominion for co-Defendant Pesina. Around the same time, a separate investigation identified Defendant and co-Defendant Pesina as methamphetamine distributors associated with residences in Spokane and Richland. Law enforcement conducted two controlled buys of methamphetamine from Defendant and co-Defendant Pesina and search warrants were issued and executed at the residences. The searches revealed methamphetamine, heroin, suspected fentanyl-laced pills, marijuana, multiple firearms, cell phones, and items of dominion for Defendant and co-Defendant Pesina. Both Defendant and co-Defendant Pesina were arrested on September 27, 2019 and later released. On October 5, 2019, law enforcement responded to a 911

call from an individual reporting that several individuals had circled their vehicle and threatened them with various weapons, to include a firearm, a bat, and a knife. Law enforcement located Defendant in close proximity to the incident, whereupon Defendant fled, discarding items later determined to be a firearm and narcotics. Defendant was arrested and later released.  Finally, in November 2019, law enforcement received information from a confidential source that Defendant and co-Defendant Pesina were distributing narcotics from a residence in Dixie, Washington.[1]  Law enforcement responded to the address and located and arrested Defendant, who had narcotics on his person, outside the residence, and located and arrested Co-Defendant Pesina inside the residence.  A search of the residence revealed two firearms, ammunition, $3,850, items of dominion for Defendant and co-Defendant Pesina, methamphetamine, cocaine, heroin, suspected fentanyl-laced pills, and indicia of drug trafficking.

The allegations against Defendant are serious and the combination of firearms and narcotics, particularly fentanyl, is indicative of danger to the community if Defendant were to be released.  Most concerning to the Court is that

---

[1] It was proffered that Defendant and co-Defendant relocated to the Dixie residence in an effort to evade law enforcement after they became aware that warrants had been issued for their arrests.

ORDER - 4

Defendant's alleged criminal activity persisted through four separate law enforcement interventions, suggesting Defendant was not deterred by his arrests, the arrests of his co-Defendant, the incursion of criminal charges, or the seizure of evidence. Moreover, at each incident, Defendant is alleged to have possessed a firearm(s), which he is prohibited from possessing due to prior felony convictions, despite having had firearms seized from him shortly beforehand. These allegations exacerbate the Court's concern for the safety of the community as they suggest Defendant has both the ability to access firearms quickly and a disregard for the legal restriction from doing so due to his prohibited status. The risk of nonappearance is heightened in this case due to the lengthy terms of imprisonment that would necessarily result if Defendant were to be convicted of the offenses.

      The weight of the evidence is the least important factor and Defendant is entitled to a presumption of innocence. Based on the United States' proffers and the allegations set forth in the affidavits supporting the complaints, the case has sufficient weight to give the Court concern as to risk of dangerousness and risk of nonappearance.

      Turning to his history and characteristics, Defendant is 39 years old, was born in Lewiston, Idaho, and has generally resided between Lewiston and Spokane, Washington. He has ties to this District; his mother, with whom he has a close relationship, resides in Spokane with one of his children; he has three other

ORDER - 5

children who reside with their respective mothers (one in Clarkston, Washington and two in Spokane), and he has a sister who resides in Lewiston. Defendant's girlfriend of six months is co-Defendant Monica Pesina. Prior to his arrest, Defendant resided in a rental home in Spokane with two of his children. Defendant has limited documented employment history as a truck driver. He reported that he has a history of methamphetamine use.

Defendant's criminal history is extensive, dating back to when he was 14 years old, and includes offenses involving violence, weapons, controlled substances, and negative interactions with law enforcement. As a minor, he was convicted, most notably, of second degree assault (1996), theft (1997) during which it was alleged that Defendant produced a knife, and intimidating a witness (1997); he also had a dismissed charge for unlawful possession of a firearm (1997). As an adult, he has convictions for attempted second degree assault (2001), during which it was alleged the he possessed a shotgun, burglary (2005), reckless driving related to a high speed vehicular chase after which Defendant attempted to hide (pled down from an eluding charge - 2006), attempt to elude police related to a vehicular chase lasting 45 minutes and a subsequent foot chase (2009), and felon in possession of a firearm (loaded and stolen) and ammunition (2010). The repeated charges and convictions involving various weapons, in light of the instant allegations relating to firearms, contribute to the Court's finding that Defendant

ORDER - 6

poses a risk of danger to the community. Moreover, Defendant has failed to appear upwards of ten times for hearings, including for a sentencing hearing; this exacerbates the Court's concern as to his risk of nonappearance on the current federal matters.

The Court appreciates that Defendant has formed a release plan[2] and does not take lightly his concerns regarding COVID-19.[3] However, the Court's concerns regarding the safety of the community and Defendant's risk of nonappearance are not sufficiently mitigated by his release plan. On balance, based on the instant allegations of controlled substances and firearms and Defendant's criminal history, which includes weapons-related offenses and noncompliance with law enforcement, the Court finds that Defendant has failed to

---

[2] Defendant proposes residing with the mother of a friend and ex-girlfriend in Spokane, Washington.

[3] Defendant did not proffer any underlying health condition rendering him particularly susceptible to complications if he were to contract COVID-19. The Court instructed defense counsel to inform the Court, the United States Marshal's Service, or the jail if Defendant does have such an underlying condition, as the jail has successfully been able to accommodate at-risk individuals with more isolated cells.

ORDER - 7

rebut the presumption of detention, that no combination of conditions can adequately address its concerns, and that his continued detention is warranted.

**IT IS HEREBY ORDERED:**

1. The Motion to Reopen Detention Hearing (**ECF No. 95**) is **DENIED**. Defendant shall remain held in detention pending disposition of this case or until further order of the Court.

2. If a party seeks review of this Order by another court pursuant to 18 U.S.C. § 3145(b), counsel shall adhere to the Detention Order Review Protocol found in LCrR 46(k).

DATED June 1, 2020.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 8